UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| BYRON B., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Case # 1:20-cv-553-DB |
| | § |
| COMMISSIONER OF SOCIAL SECURITY, | § MEMORANDUM DECISION |
| | § AND ORDER |
| Defendant. | § |

## **INTRODUCTION**

Plaintiff Byron B. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act, and his application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 21).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 14, 19. Plaintiff also filed a reply brief. *See* ECF No. 20. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 14) is **DENIED**, and the Commissioner's motion for judgment on the pleadings (ECF No. 19) is **GRANTED**.

## **BACKGROUND**

Plaintiff protectively filed applications for DIB and SSI on June 20, 2017, alleging disability beginning February 13, 2017 (the disability onset date), due to musculoskeletal

impairments. Transcript ("Tr.") 78, 196-201, 202-07. The claims were denied initially on September 19, 2017, after which Plaintiff requested a hearing. Tr. 78.

Plaintiff initially failed to attend a video hearing on February 5, 2019; he arrived after the hearing, explaining that his representative had withdrawn and requested additional time to seek new representation, which was granted. Tr. 49-58, 78. Thereafter, Administrative Law Judge (the "ALJ") Gregory Moldafsky presided over a video hearing from Falls Church, Virginia. Tr. 78. Plaintiff appeared and testified from West Seneca, New York, and was presented by Zachary Zabawa, an attorney. *Id*. Beth Crain, an impartial vocational expert ("VE"), also appeared and testified by telephone. *Id*.

The ALJ issued an unfavorable decision on January 21, 2020, finding that Plaintiff was not disabled. Tr. 78-91. On March 20, 2020, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's January 21, 2020 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual

3

functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his January 21, 2020 decision:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2021.

2. The claimant has not engaged in substantial gainful activity since February 13, 2017, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: broken femur/right hip fracture, status post surgical open reduction internal fixation (ORIF); degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(a) and 416. 967(a) and SSR 83-10,[1] except the claimant may not be required to stand or walk more than 4 hours in an 8-hour work day. The claimant can only occasionally push or pull with the right lower extremity. He can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant can occasionally stoop, balance, kneel, and crouch, but never crawl. Finally, he may have no more than occasional exposure to extreme cold, and never work at unprotected heights.

6. The claimant is capable of performing past relevant work as a Collection Clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).).

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

4

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 13, 2017, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

Tr. 78-90.

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits protectively filed on June 20, 2017, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 91. The ALJ also determined that based on the application for supplemental security benefits protectively filed on June 20, 2017, the claimant is not disabled under section 1614(a)(3)(A) of the Act. *Id*.

## ANALYSIS

Plaintiff asserts a single point of error. Plaintiff argues that the ALJ failed to properly evaluate the opinions of consultative examiner Hongbiao Liu, M.D. ("Dr. Liu"), treating orthopedic surgeon Donald Nenno, M.D. ("Dr. Nenno"), and treating pain management specialist Cheryle Hart, M.D. ("Dr. Hart"). *See* ECF No. 14-1 at 11-25.

The Commissioner argues in response that the ALJ properly based his RFC determination on the observations and assessment of Dr. Liu and the independent medical evaluation of orthopedic surgeon Gregory Chiaramonte, M.D. ("Dr. Chiaramonte"), and substantial evidence supports the ALJ's determination that Plaintiff retained the RFC to perform a wide range of light work with no more than four hours of standing or walking and occasional postural and environmental limitations. *See* ECF No. 19-1 at 10-17.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The

Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review, the Court finds that the ALJ properly evaluated the medical opinion evidence and the other evidence of record and reasonably found that Plaintiff was capable of performing a wide range of light work. Contrary to Plaintiff's contention (*see* ECF No. 14-1 at 11-18), the RFC's limitation to light work with no more than four hours of walking properly incorporates Dr. Liu's assessment of moderate limitations in prolonged walking. With respect to Plaintiff's contention that the ALJ did not properly evaluate Dr. Nenno's opinions (*see* ECF No. 14-1 at 18-22), the ALJ properly explained why he found Dr. Nenno's opinions were not persuasive based on the factors of supportability and consistency, as required under the revised regulations. Furthermore, the fact that the ALJ did not assess Dr. Hart's statements that Plaintiff is "unable to work" is likewise consistent with the new regulations. Accordingly, substantial evidence supports the ALJ's conclusions, and the Court finds no error.

A claimant's RFC is the most he can still do despite his limitations and is assessed based on an evaluation of all relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.945(a)(1), (a)(3); SSR 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996). At the hearing level, the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. § 404.1546(c); SSR 96-5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); *see also* 20 C.F.R. § 404.1527(d)(2) (stating the assessment of a claimant's RFC is reserved for the Commissioner). Determining a claimant's RFC is an issue reserved to the Commissioner, not a medical professional. *See* 20 C.F.R. § 416.927(d)(2) (indicating that "the final responsibility for deciding these issues [including RFC] is reserved to the Commissioner"); *Breinin v. Colvin*, No. 5:14-CV-01166(LEK TWD), 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), *report and recommendation adopted*, 2015 WL 7738047

(N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion.").

Additionally, it is within the ALJ's discretion to resolve genuine conflicts in the evidence. *See Veino v Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). In so doing, the ALJ may "choose between properly submitted medical opinions." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). Moreover, an ALJ is free to reject portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record. *See Veino*, 312 F.3d at 588. Indeed, an ALJ may formulate an RFC absent any medical opinions. "Where, [] the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (internal citations and quotation omitted).

Moreover, the ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in [his] decision," because the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) (the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole); *Castle v. Colvin*, No. 1:15-CV-00113 (MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) (The fact that the ALJ's RFC assessment did not perfectly match a medical opinion is not grounds for remand.).

Contrary to Plaintiff's contentions, the ALJ in this case properly analyzed the opinion evidence and the other evidence of record when developing Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1527, 416.927. Effective for claims filed on or after March 27, 2017, the Social Security

Agency comprehensively revised its regulations governing medical opinion evidence creating a new regulatory framework. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15, 132-01 (March 27, 2017). Here, Plaintiff filed his claims on June 20, 2017, and therefore, the 2017 regulations are applicable to his claim.

First, the new regulations change how ALJs consider medical opinions and prior administrative findings. The new regulations no longer use the term "treating source" and no longer make medical opinions from treating sources eligible for controlling weight. Rather, the new regulations instruct that, for claims filed on or after March 27, 2017, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017).

Second, instead of assigning weight to medical opinions, as was required under the prior regulations, under the new rubric, the ALJ considers the persuasiveness of a medical opinion (or a prior administrative medical finding). *Id*. The source of the opinion is not the most important factor in evaluating its persuasive value. 20 C.F.R. § 416.920c(b)(2). Rather, the most important factors are supportability and consistency. *Id*.

Third, not only do the new regulations alter the definition of a medical opinion and the way medical opinions are considered, but they also alter the way the ALJ discusses them in the text of the decision. 20 C.F.R. § 416.920c(b)(2). After considering the relevant factors, the ALJ is not required to explain how he or she considered each factor. *Id*. Instead, when articulating his or her finding about whether an opinion is persuasive, the ALJ need only explain how he or she considered the "most important factors" of supportability and consistency. *Id*. Further, where a

medical source provides multiple medical opinions, the ALJ need not address every medical opinion from the same source; rather, the ALJ need only provide a "single analysis." *Id*.

Fourth, the regulations governing claims filed on or after March 27, 2017 deem decisions by other governmental agencies and nongovernmental entities, disability examiner findings, and statements on issues reserved to the Commissioner (such as statements that a claimant is or is not disabled) as evidence that "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled." 20 C.F.R. § 416.920b(c)(1)-(3) (2017). The regulations also make clear that, for claims filed on or after March 27, 2017, "we will not provide any analysis about how we considered such evidence in our determination or decision" 20 C.F.R. § 416.920b(c).

Finally, Congress granted the Commissioner exceptionally broad rulemaking authority under the Act to promulgate rules and regulations "necessary or appropriate to carry out" the relevant statutory provisions and "to regulate and provide for the nature and extent of the proofs and evidence" required to establish the right to benefits under the Act. 42 U.S.C. § 405(a); *see also* 42 U.S.C. § 1383(d)(1) (making the provisions of 42 U.S.C. § 405(a) applicable to title XVI); 42 U.S.C. § 902(a)(5) ("The Commissioner may prescribe such rules and regulations as the Commissioner determines necessary or appropriate to carry out the functions of the Administration."); *Barnhart v. Walton*, 535 U.S. 212. 217-25 (2002) (deferring to the Commissioner's "considerable authority" to interpret the Act); *Heckler v. Campbell*, 461 U.S. 458, 466 (1983). Judicial review of regulations promulgated pursuant to 42 U.S.C. § 405(a) is narrow and limited to determining whether they are arbitrary, capricious, or in excess of the Commissioner's authority. *Brown v. Yuckert*, 482 U.S. 137, 145 (1987) (citing *Heckler v. Campbell*, 461 U.S. at 466).

On February 13, 2017, Plaintiff was hit by a car and fractured his right hip. Tr. 342, 656. On February 15, 2017, Dr. Nenno performed a closed reduction, internal fixation of the right hip

9

fracture. Tr. 648-49. On February 22, 2017, Plaintiff was admitted for inpatient rehabilitation services. Tr. 340. Plaintiff completed his rehabilitation and was discharged on March 23, 2017. Tr. 422. Dr. Nenno provided Plaintiff's post-surgical follow-up care through July 11, 2017. Tr. 684-89, 728-29, 764-83.

Contrary to Plaintiff's contentions, the ALJ in this case properly analyzed the opinion evidence and the other evidence of record when developing Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1527, 416.927. The ALJ properly based his RFC determination on the observations and assessment of Dr. Liu and the opinion of Dr. Chiaramonte. A consultative physician's opinion may serve as substantial evidence in support of an ALJ's decision. *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)). Dr. Liu observed that Plaintiff demonstrated full muscle strength and full ranges of motion, as well as normal reflexes and sensations throughout his arms and legs, although he had decreased sensation in the right leg. Tr. 665. Plaintiff's hand and finger dexterity was intact, and he demonstrated full grip strength bilaterally. *Id*. Dr. Liu observed that Plaintiff walked slowly and was dependent on his cane, which was medically necessary for him to maintain his balance and limit his pain. Tr. 664. Dr. Liu assessed only moderate limitations in prolonged walking, bending, and kneeling. Tr. 665. The ALJ also considered the September 2017, opinion of orthopedic surgeon Dr. Chiaramonte, who likewise opined that Plaintiff could perform work that required no prolonged walking, standing, or sitting, and no lifting more than forty pounds. Tr. 78, 762.

Contrary to Plaintiff's contention that the ALJ failed to reconcile Dr. Liu's assessment of moderate limitations in prolonged walking and that Plaintiff's cane was medically necessary (*see* ECF No. at 14-1 at 11-18), the RFC's limitation to light work with no more than four hours of walking properly incorporates Dr. Liu's assessment of moderate limitations in prolonged walking. Tr. 83. The ALJ explained that he found Dr. Liu's opinion persuasive because it was consistent

with Plaintiff's moderately adverse findings, including limited range of motion in the lumbar spine, positive straight leg raise testing, and decreased right leg sensation. Tr. 87.

As the ALJ explained, the limitation in squatting and difficulty rising from a seated position assessed by Dr. Liu were supported by these findings. Tr. 87. Notably, the Second Circuit has found medical opinions of moderate limitations supportive of an RFC for light work. *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (physician opinion that claimant had moderate limitations performing certain exertional activities combined with medical and other evidence supported RFC finding for light work); *see also Martinez v. Comm'r of Soc. Sec.*, Civ. No 13-159 (KMK) (JCM), 2016 WL 6885181, at *13 (S.D.N.Y. Oct. 5, 2016), *report and recommendation adopted*, 2016 WL 6884905 (S.D.N.Y. Nov. 21, 2016) (consultative examiner's moderate restrictions for lifting, pushing, pulling, overhead reaching, stooping, squatting, prolonged standing, and prolonged walking were consistent with an RFC for light work and constituted substantial evidence in support of RFC finding); *Gurney v. Colvin*, 14-CV-688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) (collecting cases); *Harrington v. Colvin*, No. 14-CV-6044P, 2015 WL 790756, at *14 (W.D.N.Y. Feb. 25, 2015) (collecting cases).

The ALJ also properly determined that the medical necessity of Plaintiff's cane was only temporary and resolved shortly after Dr. Liu rendered his opinion. Tr. 86. The ALJ noted that although Dr. Liu did not include a restriction for use of a cane, he observed that Plaintiff's use of a cane was medically necessary during Plaintiff's period of recovery from hip surgery half a year earlier. Tr. 87. Additionally, the ALJ noted that, in November 2017, only two months after Dr. Liu rendered his opinion, treating orthopedic surgeon Dr. Nenno observed that Plaintiff's x-rays revealed a well-healed right hip fracture with satisfactory fixation, no deformity, and no arthritic change. Tr. 88, 764, 766. Dr. Nenno opined that Plaintiff should be able to walk a block at a reasonable pace on rough or uneven surfaces and perform ambulatory activities such as shopping

and banking. Tr. 767. Dr. Nenno further opined that although Plaintiff walked with a cane, it was not medically necessary. Tr. 768. Based on the foregoing, the ALJ properly reconciled Dr. Liu's assessment into the RFC determination, and the Court finds no error.

Plaintiff's contention that the ALJ did not properly evaluate Dr. Nenno's opinions. (*see* ECF No. 14-1 at 18-22) is similarly unavailing. Pursuant to the revised regulations, the ALJ properly explained why he did not find Dr. Nenno's opinion "as pertains to the relevant period as a whole" persuasive. Tr. 87. First, the ALJ noted that Dr. Nenno's treatment records did not support his opinion that Plaintiff was moderately disabled. Tr. 87, 687, 690. For instance, in May 2017, Dr. Nenno observed that Plaintiff's legs exhibited good alignment with moderately altered gait and satisfactory range of motion. Tr. 687. Similarly, in July 2017, Dr. Nenno observed that Plaintiff stood with good alignment of the legs and walked well. Tr. 689. Plaintiff's right hip exhibited an excellent range of motion and his neurovascular status was intact. *Id*. Dr. Nenno noted that right hip and pelvis x-rays revealed a good alignment and healing and stated that Plaintiff was doing fairly well. *Id*.

The ALJ further noted that Dr. Nenno's May 2017 and July 2017 opinions assessing that Plaintiff had a "moderate disability" which precluded him from working was vague and ambiguous and failed to provide a function-by-function assessment of Plaintiff's limitations or capacity, and he did not state whether Plaintiff could not perform any work or just some work, or whether the disability was permanent. Tr. 87, 687, 690. Furthermore, the ALJ noted that Dr. Nenno rendered his opinions only three months after Plaintiff underwent major right hip surgery, and, as such, his opinions were rendered within Plaintiff's expected recovery period. Tr. 86, 648-49, 687, 690.

The ALJ found that Dr. Nenno's January 2018 opinion was partially persuasive because the treatment records did not support his opinion that Plaintiff could lift no more than ten pounds. Tr. 87, 771-72. The ALJ also found that Dr. Nenno's treatment records did not support his July

12

2018 opinion that Plaintiff was limited to sedentary work. Tr. 88, 776-77. As the ALJ noted, Dr. Nenno did not explain the basis for his restrictions, particularly his limitation on lifting and carrying where there was no upper extremity impairment implicated. Tr. 88. Further, noted the ALJ, Dr. Nenno did not identify any particular impairments in his opinion (which the Court notes was a form opinion provided by Plaintiff's attorney); however, the ALJ noted that a review of the treatment notes indicated that Dr. Nenno was treating Plaintiff for right hip impairment at this time. Tr. 88, 776-77.

Furthermore, as noted above, in November 2017, medical imaging reviewed by Dr. Nenno showed that Plaintiff's femur had healed to near-anatomic alignment (Tr. 766), and Dr. Nenno observed that Plaintiff's complaints did not match the clinical findings (Tr. 768). Finally, the ALJ observed that the July 2018 treatment records inexplicably focused on Plaintiff's left hip, when it was Plaintiff's right hip that had fractured and healed. Tr. 88, 776. Perhaps this error was simply due to carelessness, but the Court agrees with the ALJ's conclusion that this error did not add to the persuasive value of Dr. Nenno's opinion. Tr. 88. Upon review of the ALJ's decision, the Court finds that the ALJ properly evaluated Dr. Nenno's opinions and properly explained his rationale for finding his opinions less than persuasive.

Plaintiff also contends that the ALJ erred when he did not assess Dr. Hart's statements that Plaintiff was unable to work. *See* ECF No. 14-1 at 22-24. However, the ALJ was not required to provide any analysis of Dr. Hart's statements. *See* 20 C.F.R. §§ 404.1520b(c)(1)-(3), 416.920b(c)(1)-(3) (2017). On multiple visits, Dr. Hart 's treatment records stated that Plaintiff was unable to work; however, in those same records, Dr. Hart also stated that Plaintiff's "[e]xertional abilities [would] be reevaluated in one month to determine work capabilities." Tr. 994, 1000, 1007, 1012, 1018, 1025, 1031, 1037. Notably, none of Dr. Hart's treatment records address Plaintiff's exertional abilities and, as such, they do not provide any insight as to Plaintiff's

functional limitations. Tr. 991-1038. Furthermore, Dr. Hart's statements that Plaintiff is "unable to work" are not medical opinions, but rather, are statements on an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1520b(c)(3), 416.920b(c)(3) (a statement by a medical source that a claimant is "unable to work" is not a medical opinion but, instead, a statement on an issue reserved to the Commissioner). Under the revised regulations, statements on issues reserved to the Commissioner are deemed evidence that "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled." 20 C.F.R. §§ 404.1520b(c)(1)-(3), 416.920b(c)(1)-(3) (2017). Additionally, the regulations make clear that, for such claims, "we will not provide any analysis about how we considered such evidence in our determination or decision." 20 C.F.R. §§ 404.1520b(c), 416.920b(c). The ALJ, therefore, did not err when he did not assess Dr. Hart's statements. Accordingly, the Court finds no error.

While Plaintiff may disagree with the ALJ's conclusion, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, No. 16-02672, 2018 WL 459678, at *3 (2d Cir. Jan. 18, 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence); *Bonet*, 523 F. App'x at 59 ("Under this very deferential standard of review, once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise."). Further, it is the ALJ's duty to evaluate conflicts in the evidence. *See* 20 C.F.R. § 404.1527(c)(i); *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) ("Once the ALJ finds facts, [the Court] can reject those facts only if a reasonable factfinder would have to conclude otherwise"); *Monroe*, 676 F. App'x at 7 (quoting *Veino*, 312 F.3d at 588) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

For all the reasons discussed above, the Court finds that the ALJ properly considered the record as a whole, including the medical opinion evidence, and his finding that Plaintiff retained the functional ability to perform light work with the noted limitations was supported by substantial evidence. Accordingly, the Court finds no error.

## **CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 14) is **DENIED**, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 19) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court will enter judgment and close this case.

**IT IS SO ORDERED**.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE